```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/20/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LELAND ROBINSON,

              Plaintiff,

-against-

PAUL E. DAVISON; KENNETH M. KARAS; MARCIA S. COHEN; PAO MEI FISHER; AUDREY STRAUSS; SOUTHERN DISTRICT OF NEW YORK; NEW CANAAN POLICE DEPARTMENT; CLERK OF COURT FOR NORWALK COUNTY COURT; FRANCIS L. O'REILLY; O'REILLY & SHAW LAW OFFICE,

              Defendants.

21-CV-8546 (AT)

ORDER OF DISMISSAL

ANALISA TORRES, United States District Judge:

    Plaintiff, who is currently incarcerated in the Metropolitan Detention Center ("MDC") Brooklyn, brings this *pro se* action invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331. He paid the filing fees for this action. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("[Section] 1915A applies to all civil complaints brought by prisoners against governmental officials or entities

regardless of whether the prisoner has paid a filing fee.") (citation omitted).  The Court must also dismiss a complaint if the court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions.  *Twombly*, 550 U.S. at 555.  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief.  *Id.*

## BACKGROUND

Plaintiff is a defendant in *United States v. Robinson*, No. 20-CR-00448 (KMK), a criminal case before the Honorable Kenneth M. Karas of this court.  He brings this action against individuals and entities linked with his arrest and prosecution in the pending criminal case.

2

Plaintiff names as Defendants Judge Karas; Magistrate Judge Paul E. Davison; United States Attorney Audrey Strauss and Assistant United States Attorney Marcia S. Cohen; Federal Bureau of Investigation (FBI) Special Agent Pao Mei Fisher; criminal defense attorney Francis Lee O'Reilly and law firm O'Reilly & Shaw, LLC; the New Canaan Police Department; the Southern District of New York; and the Clerk of the Norwalk County Court. Plaintiff's claims appears to arise out of his pending criminal proceedings.

Plaintiff uses the Court's general complaint form to which he attaches several hand-written pleadings and other documents in support of his claims.  He alleges that his claims arose from events that occurred between October 2019 and June 25, 2021, and took place in New York and Connecticut.  ECF No. 2 at 5.  On the form complaint, Plaintiff provides the following statement of claim:

> The Defendant/Respondent(s) harmed and infringed on the Plaintiff/Claimant at law private property seizing exclusive possession of the right of enjoying a thing, the property of which is vested in the Plaintiff/Claimant at law, and to draw from the same all the profit, utility and advantage which it may produce, provided that it be without altering the substance of the thing. The Defendant(s)/Respondent(s) hypothecated and re-hypothecated the Plaintiff/Claimant at law private property and wealth and has put the Plaintiff/Claimant at law at risk as collateral for it's fiat currency and credit obligations to the Federal Reserve Bank without providing the Plaintiff/Claimant at law a lawful equitable remedy for recovery of interest on the Plaintiff/Claimant at law that is due and payable to the Plaintiff/ Claimant at law upon demand in violation of public policy HJR 192 of 1933 and 31 USC 5103.

*Id.*[1]

Plaintiff then refers the Court to his hand-written pleadings, which are in the same vein as his statement of claim.  Throughout those submissions, he uses financial terms to describe his criminal proceedings, and cites to various constitutional and statutory provisions and caselaw in support of his claims.  Plaintiff accuses Defendants of fraudulent and unlawful conduct, resulting

---

[1] The Court quotes from the complaint verbatim.

3

"in injury to [his] person, property, or rights." *Id*. at 10. Such conduct included the "taking and carrying away of a living sovereign soul against the Plaintiff will," and acting "in excess of powers that which is beyond the powers authorized by law for an entity. *Id*. at 10, 16. Plaintiff sums up his claims as follows:

> The Defendant's herein are in violation of Article 38 of the Lieber Code infringed on the Plaintiff private property security seizing exclusive possession of the right of enjoying a thing, the property of which is vested in the Plaintiff, and to draw from the same all the profit, utility and advantage which it may produce, provided that it be without altering the substance of the thing. The Defendant's herein United States, Kenneth M. Karas, Audrey Strauss, Marcia S. Cohen, Francis L. O'Reilly, O'Reilly & Shaw, L.L.C., and Pao Mei Fisher and but not limited to the Southern District of New York hypothecated and re-hypothecated the Plaintiff private property and wealth and has put the Plaintiff at risk as collateral for it's fiat currency and credit obligations to the Federal Reserve Bank without providing the Plaintiff a lawful[.]

*Id*. at 16 (errors in original).

Plaintiff also attaches to the complaint several documents titled as "commercial affidavit of truth/principal" and purported security agreements. Many of these documents are copies of submissions that Plaintiff filed in his criminal case *pro se*, although he is represented by counsel. *See Robinson*, ECF 7: 20-CR-00448, 55.

In September 2021, Plaintiff filed a substantially similar complaint against the same defendants. *See Robinson v. Davison*, ECF 1:21-CV-7897, 2 (S.D.N.Y. filed Sept. 21, 2021) (*Robinson I*). His pleadings in that case contained an identical statement of claim and many of the same documents that are also attached to the complaint in this action. On September 27, 2021, Chief Judge Laura Taylor Swain dismissed *Robinson I* as frivolous, for failing to state a claim upon which relief may be granted, and for seeking monetary relief from defendants who are immune from such relief. *Robinson*, ECF 1:21-CV-7897, 6 (S.D.N.Y. Sept. 27, 2021). She also held that, to the extent Plaintiff was seeking relief related to his pending criminal

proceedings, the Court must abstain from issuing such relief under *Younger v. Harris*, 401 U.S. 37 (1971).

## DISCUSSION

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

Granting the complaint the liberal interpretation which it is due, the Court finds that there is no theory on which Plaintiff may proceed. Plaintiff clouds any legal issues he may be trying to present with the use of legal and financial terms and citations that have no meaning in the context in which they are used. His statement of claim is incoherent and does not suggest any cognizable constitutional or statutory injury. Similar to Plaintiff's claims in *Robinson I*, the Court must dismiss the complaint as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915A (b)(1), (2).

To the extent this action could be read as a request for intervention in Plaintiff's ongoing criminal proceedings before Judge Karas, the request must be denied under *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court held that federal courts may not stay or enjoin pending state-court proceedings except under extraordinary circumstances. Courts have extended the doctrine to cases where a federal defendant seeks intervention in a federal prosecution. *See, e.g., Ceglia v. Zuckerberg*, 600 F. App'x 34, 37-38 (2d Cir. 2015) (summary

order) (under *Younger*, a court may civilly enjoin a criminal prosecution only "where the danger of irreparable loss is both great and immediate," but "[g]enerally, no danger exists where the defendant has the opportunity to offer a defense in the criminal prosecution . . . in a federal forum." (citation omitted).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action. *See* 28 U.S.C. § 1915A(b)(1), (2).

## CONCLUSION

Plaintiff's complaint, for which he paid the filing fees, is dismissed under 28 U.S.C. § 1915A(b)(1), (2), as frivolous or malicious and for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   October 20, 2021
         New York, New York

_____
ANALISA TORRES
United States District Judge